**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 15-cv-00063-REB-KLM

FITNESS TOGETHER FRANCHISE CORPORATION, a Arizona corporation,

    Plaintiff,

v.

PETER PIRANIO, an individual,
ANNETTE PIRANIO, an individual, and
PIRANIO FITNESS SYSTEMS, INC., a Wisconsin Corporation,

    Defendants.

## ORDER DENYING EMERGENCY MOTION TO STAY
## PROCEEDINGS PENDING ARBITRATION PURSUANT TO 9 U.S.C. § 3

**Blackburn, J.**

The matter before me is defendants' **Emergency Motion To Stay Proceedings Pending Arbitration Pursuant to 9 U.S.C. § 3** [#18],[1] filed January 21, 2015. I deny the motion.

Regardless whether the contracts at issue in this case provide for resolution in arbitration of all claims between the parties, including claims for injunctive relief, the law of this circuit plainly provides that the district court has authority to enter a preliminary injunction to preserve the status quo until such time as the arbitrator can weigh in on the issue. ***Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton***, 844 F.2d 726, 727–28 (10th Cir. 1988); ***Mount Holly Partners, LLC v. AMDS Holdings***, LLC  2009 WL

---

[1] "[#18]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

1507148 at *2 (D. Utah May 27, 2009).[2] The parties thus should anticipate proceeding with their proof at the hearing currently scheduled for January 30, 2015, at 10:30 a.m.

**THEREFORE, IT IS ORDERED** that defendants' **Emergency Motion To Stay Proceedings Pending Arbitration Pursuant to 9 U.S.C. § 3** [#18], filed January 21, 2015, is **DENIED**.

Dated January 28, 2015, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

---

[2] However, I decline plaintiff's invitation to treat its motion for preliminary injunction as confessed. Unlike the defendants in *QFA Royalties LLC v. Carmona*, 2010 WL 1737136 (D. Colo. April 29, 2010), who failed utterly to respond to the motion or appear at the hearing, it is plain in this case that defendants intend to challenge plaintiff's request vigorously, although they dispute the forum in which that contest should be heard. Moreover, the court is disinclined generally to grant the extraordinary relief of a preliminary injunction – even one as limited as any that might be entered in this case – simply by "default."